IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge R. Brooke Jackson

Civil Action No. 12-cv-03350-RBJ

BRYAN A. LLOYD,

    Plaintiff,

v.

CAROLYN W. COLVIN[1], Acting Commissioner of the Social Security Administration,

    Defendant.

## ORDER

This matter is before the Court on plaintiff Bryan A. Lloyd's Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [ECF No. 28].

## FACTS

Mr. Lloyd applied for social security disability benefits on May 12, 2009 asserting that he had been disabled as of July 21, 2005[2] due to blindness in his left eye and chronic obstructive pulmonary disease ("COPD"). Mr. Lloyd's application for benefits was initially denied on October 21, 2009. Mr. Lloyd requested a hearing before an Administrative Law Judge ("ALJ"). After holding a hearing on June 15, 2011, the ALJ issued an unfavorable decision denying Mr. Lloyd social security benefits. The Appeals Council denied his request for review on November 9, 2012, and Mr. Lloyd filed a timely appeal to this Court on December 27, 2012.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013, and thus her name is substituted for that of Michael J. Astrue as the defendant in this suit. Fed. R. Civ. P. 25(d)(1). By virtue of the last sentence of 42 U.S.C. § 405(g), no further action needs to be taken to continue this lawsuit.

[2] Mr. Lloyd later amended his alleged onset date to September 25, 2006.

The appeal initially went before Magistrate Judge Kristen L. Mix, who issued a recommendation that the decision of the Commissioner be affirmed. [ECF No. 22]. In his objection to the recommendation, Mr. Lloyd argued that (1) the ALJ's credibility analysis had not been properly performed; (2) the ALJ failed properly to consider the opinion of the state examining physician; and (3) the ALJ failed properly to address the seven specific functions of sitting, standing, walking, lifting, carrying, pushing, and pulling as required by SSA regulations and rulings. In an Order issued February 6, 2014, this Court reversed the ALJ's decision and remanded the case for further proceedings. [ECF No. 25]. Specifically, this Court held that "the ALJ's resolution of the credibility issue was not . . . adequate." *Id.* at 17. The Court found two specific problems with the credibility determination: (1) the use of boilerplate language suggesting that the ALJ discounted Mr. Lloyd's subjective statements whenever they conflicted with the objective medical evidence on file; and (2) the ALJ's finding that Mr. Lloyd had a weak work history when the record showed that he in fact had quite a strong work history.

## ANALYSIS

### A. **Award of Fees Under the EAJA.**

The Equal Access to Justice Act ("EAJA") provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses . . . incurred by that party in any civil action . . . unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Thus, to prevail under the EAJA, a party must show (1) that it was the prevailing party; (2) the position of the United States was not substantially justified; and (3) there are no special circumstances that make an award unjust.

In a social security case, a plaintiff is the prevailing party when the district court remands to the Commissioner of Social Security under the fourth sentence of 42 U.S.C. § 405(g).[3] *Hackett v. Barnhart*, 475 F.3d 1166, 1168 (10th Cir. 2007). In an order dated February 6, 2014 this Court reversed the decision of the Commissioner to deny Mr. Lloyd benefits and remanded back to the Commissioner for additional review. [ECF No. 25]. Thus, Mr. Lloyd was the prevailing party. The government has not argued that there are any special circumstances that make an award unjust. Therefore, this analysis focuses on the second prong: whether the government's position was substantially justified.

When contesting an EAJA fee application, the burden is on the government to show that its position was substantially justified. *Hackett*, 475 F.3d at 1170. In litigation following an administrative proceeding, the government's position is both the position it took in the underlying administrative proceeding and in subsequent litigation defending that position. *Id.* at 1174. EAJA "fees generally should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position." *Id.* (quoting *United States v. Marolf*, 277 F.3d 1156, 1159 (9th Cir. 2002). In the Tenth Circuit "substantially justified" means that the government's position had a reasonable basis in both law and fact. *Veltman v. Astrue*, 261 F. App'x 83, 85 (10th Cir. 2008). The government's position is not justified if its position is considered unreasonable "as a whole." *Hackett*, 475 F.3d at 1175. However, "[t]he mere fact that there was error in the ALJ's decision does not make the agency's position unreasonable. An agency's position can be justified even though it is not correct." *Veltman*, 261 F. App'x at 86.

---

[3] The fourth sentence of 42 U.S.C. § 405(g) provides: "The court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing."

The Commissioner argues that her position was substantially justified. In particular, the government contends that at the agency level the ALJ put forth specific evidence in support of his credibility determination and also appropriately considered objective evidence when determining Mr. Lloyd's credibility. Further, this objective medical evidence provided a basis in support of the Residual Functional Capacity. The ALJ also considered evidence that treatment had been successful in controlling Mr. Lloyd's symptoms and took into account the claimant's reported daily activities when making his determination. Finally, the Commissioner contends that while this Court found that it was not harmless error to have misrepresented Mr. Lloyd's work history as weak, it was nevertheless a reasonable litigation position to take in light of the other legitimate factors relied on in making the ALJ's determination.

The plaintiff contends that the government's position was not substantially justified because the government does not address the Court's finding that the use of boilerplate language concerning credibility was inappropriate in these circumstances. In addition, the plaintiff argues that the government should have discussed the failure of the ALJ to consider the amount of time Mr. Lloyd could exert himself before needing a break in his daily living activities. But the government's brief focuses on the reasonableness of the positions underlying the ALJ's decision as well as the arguments it litigated on appeal. These are the positions that the Court must decide were or were not substantially justified.

In this instance the Court finds that the government's position was substantially justified both at the agency level and in litigation. This case was a difficult one for the Court to decide on the merits. Notably, there was substantial evidence on the record that the objective medical evidence did not support a finding of disability. Further, Magistrate Judge Mix recommended that the decision be affirmed, based in part on her finding that the ALJ sufficiently linked his

evaluation of Mr. Lloyd's credibility to substantial evidence in the record. [ECF No. 22 at 15]. Though this Court ultimately disagreed, reasonable minds could certainly differ over whether the credibility determination was adequately made. Moreover, the ALJ made numerous findings in support of the ultimate conclusion that Mr. Lloyd could engage in substantial gainful activity. On that note, the ALJ's error in finding that Mr. Lloyd had a weak work history, though not harmless to the credibility determination, was arguably harmless to the overall finding that Mr. Lloyd was not disabled. As best said by the Tenth Circuit, the Court "conclude[s] that the Commissioner's position in this case, considered 'as an inclusive whole,' was reasonable in law and fact." *Madrid v. Astrue*, 243 F. App'x 387, 392 (10th Cir. 2007) (citation omitted).

## ORDER

For the foregoing reasons, Plaintiff's Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [ECF No. 28] is DENIED.

DATED this 21st day of July, 2014.

BY THE COURT:

_____
R. Brooke Jackson
United States District Judge